Case No. 24-1623

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

―――――――――――――――

JAMES HULCE, on behalf of himself and all others similarly situated,

*Plaintiff-Appellant,*

v.

ZIPONGO INC.,

*Defendant-Appellee.*

―――――――――――――――

On Appeal from the U.S. District Court for the Eastern District of Wisconsin in
Case No. 2:23-cv-00159-LA
Honorable Lynn Adelman, District Court Judge

―――――――――――――――

## PETITION FOR REHEARING EN BANC

Brian K. Murphy (Counsel of Record)
Jonathan P. Misny
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
murphy@mmmb.com
misny@mmmb.com

*Counsel for Plaintiff-Appellant James Hulce*

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-1623

Short Caption: James Hulce v. Zipongo Inc.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

James Hulce

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Murray Murphy Moul + Basil LLP and Paronich Law, P.C.

(3) If the party, amicus or intervenor is a corporation:

    i) Identify all its parent corporations, if any; and

    N/A

    ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

    N/A

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Brian K. Murphy     Date: April 24, 2024

Attorney's Printed Name: Brian K. Murphy

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☑   No ☐

Address: Murray Murphy Moul + Basil LLP, 1114 Dublin Road, Columbus, OH 43215

Phone Number: 614.488.0400      Fax Number: 614.488.0401

E-Mail Address: murphy@mmmb.com

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-1623

Short Caption: James Hulce v. Zipongo Inc.

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐   **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

James Hulce

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Murray Murphy Moul + Basil LLP and Paronich Law, P.C.

(3) If the party, amicus or intervenor is a corporation:

   i)   Identify all its parent corporations, if any; and

       N/A

   ii)   list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

       N/A

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/ Jonathan P. Misny     Date: April 24, 2024

Attorney's Printed Name: Jonathan P. Misny

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes ☐   No ☑

Address: Murray Murphy Moul + Basil LLP, 1114 Dublin Road, Columbus, OH 43215

Phone Number: 614.488.0400     Fax Number: 614.488.0401

E-Mail Address: misny@mmmb.com

rev. 12/19 AK

## TABLE OF CONTENTS

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT OF BRIAN K. MURPHY ..........i

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT OF JONATHAN P. MISNY ..... ii

TABLE OF AUTHORITIES ................................................................................... iv

STATEMENT OF COUNSEL ..................................................................................1

ARGUMENT .............................................................................................................2

A.     The Panel Decision Involves a Question of Exceptional Importance ................2

B.     The Majority's Interpretation Conflicts with the TCPA's Text and Purpose ....3

       1.     Plain Text and Passive Voice. ...................................................................3

       2.     Statutory Context. ......................................................................................3

       3.     Remedial Purpose ......................................................................................4

C.     Precedent and Consistency Demand Review .......................................................4

CONCLUSION ..........................................................................................................5

CERTIFICATE OF COMPLIANCE WITH FRAP RULE 40(d)(3) .............................6

PROOF OF SERVICE ................................................................................................7

# TABLE OF AUTHORITIES

Cases

*Bartenwerfer v. Buckley*, 598 U.S. 69 (2023) ................................................................. 3
*Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913 (9th Cir. 2012) .................................. 4
*Corner Post, Inc. v. Bd. of Governors*, 603 U.S. 799 (2024) ......................................... 4
*Dean v. United States*, 556 U.S. 568 (2009) .................................................................. 3
*Golan v. Veritas Ent., LLC*, 788 F.3d 814 (8th Cir. 2015) ............................................ 4
*Less v. Quest Diagnostics Inc.*, 515 F. Supp. 3d 715 (N.D. Ohio 2021) ...................... 5
*Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012) .................................................. 2
*U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276 (7th Cir. 1995)............. 4

Statutes

47 U.S.C. § 227(a)(4) ................................................................................................ 1, 3, 4
47 U.S.C. § 227(a)(5) ....................................................................................................... 3
47 U.S.C. § 227(b)(1)(A) .................................................................................................. 4

Rules

Fed. R. App. P. 40............................................................................................................ 1, 2
Seventh Circuit Rule 40 ................................................................................................. 1

Pursuant to Fed. R. App. P. 40 and Seventh Circuit Rule 40, Plaintiff-Appellant James C. Hulce ("Hulce") respectfully moves this Court for rehearing en banc of the panel's decision filed March 17, 2025 (Doc. 35) affirming the district court's grant of summary judgment to Defendant-Appellee Zipongo Inc. ("Foodsmart"). Rehearing en banc is warranted because the panel majority's interpretation of "telephone solicitation" under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(a)(4), (1) involves a question of exceptional importance by significantly narrowing the statute's consumer protections in a manner that risks creating a significant loophole, and (2) conflicts with the TCPA's plain text, structure, and remedial purpose, as highlighted by Judge Brennan's dissent. Full court review is necessary to ensure uniform application of this critical federal law.

STATEMENT OF COUNSEL

I, Brian K. Murphy, certify that this petition is presented in good faith and not for delay. The panel's 2-1 decision resolves a pivotal issue of statutory interpretation under the TCPA, a statute protecting millions of consumers from unwanted calls. The majority's holding—that a "telephone solicitation" requires the caller to urge the recipient to pay for services—departs from the statute's focus on the caller's purpose and threatens to exempt profit-driven calls disguised as "free" offers, an issue of national significance given modern marketing practices and third-party payment structures. Judge Brennan's dissent underscores this error, aligning

1

with the TCPA's text and intent. En banc review is essential to correct this misstep and preserve the statute's purpose and efficacy.

## ARGUMENT

A.  The Panel Decision Involves a Question of Exceptional Importance

Under Fed. R. App. P. 40(b)(2), en banc rehearing is appropriate for questions of exceptional importance. The majority's ruling—that Foodsmart's calls and texts to Hulce, encouraging use of "free" nutritional services that triggered payments from his healthcare plan ("CCHP"), are not "telephone solicitations"—narrows the TCPA's scope in a way that could undermine its protections for consumers nationwide, particularly those on the Do Not Call Registry.

The TCPA, enacted in 1991, aims to curb invasive telemarketing, a goal reaffirmed by Congress and the Supreme Court. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). The majority's requirement that a caller must intend to persuade the recipient to pay (Doc. 35 at 9-10) excludes calls like Foodsmart's, which profit indirectly via third parties (here, CCHP). This interpretation risks a loophole: companies could evade liability by offering "free" services to consumers while securing revenue elsewhere, as in healthcare, insurance, or subscription models prevalent today. With hundreds of millions of numbers on the national do-not-call registry, this ruling could expose countless consumers to unwanted calls, contrary to Congressional intent.

The dissent flags this danger, noting the majority's focus on the recipient's payment obligation ignores the caller's profit-seeking purpose (Doc. 35 at 13-14).

2

This split within the panel underscores the issue's gravity, meriting en banc review to clarify the TCPA's reach in an era of evolving commercial practices.

B.　　The Majority's Interpretation Conflicts with the TCPA's Text and Purpose

Rehearing is also warranted because the majority's decision misinterprets 47 U.S.C. § 227(a)(4), which defines "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase … of … services." The majority holds this requires persuading the recipient (Hulce) to pay (Doc. 35 at 10), but the statute's plain text and structure, as the dissent explains, focus on the *caller's purpose*, not the recipient's role.

1.　　Plain Text and Passive Voice

The phrase "for the purpose of encouraging the purchase" uses passive voice, omitting who must be encouraged or pay. *See Dean v. United States*, 556 U.S. 568, 572 (2009) (passive voice focuses on the event, not the actor). The dissent correctly notes Congress's "agnostic[ism]" about the purchaser's identity (Doc. 35 at 15, citing *Bartenwerfer v. Buckley*, 598 U.S. 69, 76 (2023)). Foodsmart initiated calls to Hulce to encourage use of its services, knowing CCHP would pay—a purchase under any common understanding. The majority's added requirement—that Hulce be urged to pay—rewrites the statute.

2.　　Statutory Context

The TCPA distinguishes "telephone solicitation" from "unsolicited advertisement" (47 U.S.C. § 227(a)(5)), which requires "commercial" content. The majority infers a recipient-payment rule from this distinction (Doc. 35 at 8-9), but

3

the dissent counters that "solicitation" turns on subjective intent, not objective impact (*id.* at 16). Elsewhere, Congress references the "called party" (*e.g.*, § 227(b)(1)(A), showing it could have limited § 227(a)(4) to recipient purchases but didn't. *See Corner Post, Inc. v. Bd. of Governors*, 603 U.S. 799, 814 (2024).

3.    Remedial Purpose

The TCPA is a consumer-protection statute, not a narrow bar on direct sales pitches. *See U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995) (remedial purpose informs interpretation unless text dictates otherwise). Foodsmart's persistent calls and texts (*e.g.*, offering gift cards, using emojis) despite Hulce's do-not-call status and opt-out requests (Doc. 35 at 3) exemplify the intrusion Congress targeted. The majority's ruling, by contrast, shields such conduct if the recipient isn't billed directly, defying the statute's aim.

C.    Precedent and Consistency Demand Review

The majority cites *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012), for the proposition that "Courts implicitly adopt" a "natural" interpretation of "encourage" to mean only "'to persuade' or 'urge' someone to pay for a service[.]" (Doc. 35 at 6). But the Eighth Circuit in *Golan v. Veritas Ent., LLC* did not adopt this interpretation and properly read the statute more broadly, finding "[t]elemarketing occurs when the context of a call indicates it was initiated and transmitted to a person *for the purpose of promoting property, goods, or services.*" *Golan v. Veritas Ent., LLC*, 788 F.3d 814, 820 (8th Cir. 2015). Moreover, the Ninth Circuit in *Chesbro* never suggested the definition of "telemarketing" was

4

limited to calls that "encouraged recipients to engage in future purchasing activity" and the reference to "future purchasing activity" is broader than the majority's interpretation. While no direct circuit split exists, this panel's outlier approach risks inconsistency with sister circuits and district courts (*e.g.*, *Less v. Quest Diagnostics Inc.*, 515 F. Supp. 3d 715, 717-18 (N.D. Ohio 2021)), justifying en banc review.

## CONCLUSION

The panel majority's narrow reading of "telephone solicitation" raises a question of exceptional importance and departs from the TCPA's text, structure, and purpose, as Judge Brennan's dissent persuasively demonstrates. En banc rehearing is necessary to restore the statute's intended scope and protect consumers from unwanted calls like those Hulce endured. We respectfully request this Court grant this motion, vacate the panel decision, and rehear the case en banc.

Respectfully submitted,

*/s/ Brian K. Murphy*
Brian K. Murphy (Counsel of Record)
Jonathan P. Misny
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murphy@mmmb.com
misny@mmmb.com

*Counsel for Plaintiff-Appellant*

CERTIFICATE OF COMPLIANCE WITH FRAP RULE 40(d)(3)

The undersigned, counsel of record for the Plaintiff-Appellant, James Hulce, furnishes the following in compliance with F.R.A.P Rule 40(d)(3):

I hereby certify that this brief conforms to the rules contained in F.R.A.P Rule 40(d)(3) for a petition produced with a proportionally spaced font. The length of this brief is 1,112 words.

/s/ Brian K. Murphy
Brian K. Murphy (Counsel of Record)
Jonathan P. Misny
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murphy@mmmb.com
         misny@mmmb.com

*Counsel for Plaintiff-Appellant*

PROOF OF SERVICE

I, the undersigned counsel for Plaintiff-Appellant James Hulce, hereby certify that on April 1, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Brian K. Murphy*
Brian K. Murphy (Counsel of Record)
Jonathan P. Misny
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murphy@mmmb.com
misny@mmmb.com

*Counsel for Plaintiff-Appellant*
